[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10651

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT TOOLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:15-cr-00032-JA-PRL-1

_____

Before  WILSON,  ANDERSON,  and  EDMONDSON,  Circuit Judges.


PER CURIAM:


Robert Toole, a federal prisoner proceeding *pro se*,[1] appeals the district court's order authorizing the Bureau of Prisons ("BOP") to pay money from Toole's inmate trust account toward a court-ordered restitution obligation.  No reversible error has been shown; we affirm.[2]

In 2015, Toole pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  The sentencing court imposed a statutory maximum sentence of 240 months' imprisonment.  The sentencing court also ordered Toole to pay $20,000 in restitution to the victims of his offense.

---

[1] We read liberally briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] On 7 July 2021, this Court denied Toole's motion for summary reversal of the district court's order authorizing the BOP to disburse money from Toole's inmate trust account.  We construe Toole's reply brief as seeking reconsideration of that earlier denial.  Toole's motion for reconsideration of this Court's 7 July 2021 order is DENIED.

In January 2021, the government moved the district court to issue an order authorizing the BOP to turn over money from Toole's inmate trust account as payment towards Toole's outstanding restitution obligation. The government stated that Toole had received a $1,200 stimulus payment from the government under the CARES Act.[3] The government sought to have $1,100 of that payment applied toward Toole's restitution.

Toole (through his then-lawyer) opposed the government's motion. Among other things, Toole asserted that he had an agreement with the BOP under which Toole could make installment payments of $30 per quarter toward restitution. Toole argued that granting the government's motion would render him unable to comply with that agreement. Toole, however, also said he had fallen behind on his restitution installment payments due to his lack of funds.

The district court granted the government's motion. The district court issued an order authorizing the BOP to pay to the district court clerk $1,100 from Toole's inmate trust account to be applied toward Toole's outstanding restitution amount. Toole now appeals that order.

Restitution is mandatory in cases involving child pornography offenses. *See* 18 U.S.C. § 2259(a), (b)(4)(A). An order of

---

[3] Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 1169-136 § 2201 (2020), 26 U.S.C. § 6428.

restitution in these kinds of cases operates as "a lien in favor of the United States on all property and rights to property of the person fined." *See* 18 U.S.C. § 3613(c) (governing orders of restitution made pursuant to 18 U.S.C. § 2259). The government may enforce an order of restitution against all the defendant's property except against certain exempt categories of property. *See id.* § 3613(a) (listing as exempt certain property identified in 26 U.S.C. § 6334(a)). If a defendant "receives *substantial resources from any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added).

We see no error in the district court's determination that the $1,200 stimulus payment Toole received under the CARES Act constituted a "substantial resource" that Toole was required to apply toward his restitution obligation. *See* 18 U.S.C. § 3664(n). Nor can we conclude that stimulus payments made under the CARES Act are statutorily exempt from enforcement of court-ordered restitution. *Cf.* Pub. L. 116-136 § 2201(d) (listing the statutes under which a CARES Act rebate may not be reduced or offset, none of which involve restitution payments); 18 U.S.C. § 3613(a) (identifying property exempt from restitution: a list that does not include a defendant's "other income" under 26 U.S.C. § 6334(a)(9)).

The district court's order in this case was consistent with the mandatory restitution obligations applicable to child pornography cases and with the plain language in 18 U.S.C. § 3664(n) requiring

21-10651               Opinion of the Court                         5

defendants to apply later-received "substantial resources" toward outstanding restitution. That Toole was permitted to make nominal quarterly restitution payments through the BOP's inmate financial responsibility program does not restrict the district court's authority to order Toole to make additional contributions toward his restitution. *Cf.* 18 U.S.C. § 3572(d) (authorizing the district court to determine "in the interest of justice" the time and method of payment of restitution and to adjust a payment schedule based upon a "material change in the defendant's economic circumstances").

The district court committed no error in ordering the BOP to turn over $1,100 from Toole's inmate trust account for payment of restitution.[4]

AFFIRMED.

---

[4] We reject Toole's arguments made under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 ("FDCPA"): Toole's court-ordered restitution is not a "debt" within the meaning of that Act.